## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L. GANTT, *individually and on behalf of all those similarly situated,*<br>7210 Chestnut Avenue, Apt. B<br>Elkins Park, PA 19027<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>BRYN MAWR BANK CORPORATION d/b/a BRYN MAWR TRUST<br>801 Lancaster Avenue<br>Bryn Mawr, PA 19010<br><br>　　　　　　Defendant. | No.<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FAIR LABOR STANDARDS ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER MINIMUM WAGE ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER WAGE PAYMENT AND COLLECTION ACT AND PENNSYLVANIA COMMON LAW<br><br>**JURY TRIAL DEMANDED** |

### INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL COMPLAINT

Named Plaintiff L. Gantt (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Bryn Mawr Bank Corporation (hereinafter referred to as "Defendant").

### INTRODUCTION

1.　　Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), Pennsylvania Wage Payment and Collection Law ("PWPCL"), and the common law of Pennsylvania ("Common Law"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA and PMWA and owed non-overtime wages in violation of the PWPCL and Common Law.

1

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff is an adult individual with an address as set forth above.

8.      Defendant is a company doing business in Pennsylvania at various locations including at the address set forth above.

9.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all tellers and other similar non-exempt employees presently and formerly employed by Defendant subject to Defendant's pay practices and policies described herein and who worked for Defendant at any point during the three years preceding the date the instant action was initiated (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11.     Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendant within the last three years whom Defendant failed to properly pay at least one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

12.     There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

3

## CLASS ACTION ALLEGATIONS
### (Pennsylvania Minimum Wage Act)

15.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16.     Named Plaintiff brings her claims asserting violations of the PMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons presently and formerly employed as hourly employees of Defendant who work or worked in Pennsylvania for Defendant as tellers and/or in other non-exempt, hourly positions, who are or were subject to Defendant's pay practices and policies described herein at any point from the three years prior to the date that the instant action was initiated through the present (the members of this putative class are referred to as "MWA Plaintiffs").

17.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all MWA Plaintiffs, was subject to the same unlawful wage policies and practices of Defendant.

19.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20.     Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

21.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant

23.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and MWA Plaintiffs overtime wages for time spent performing the Opening Procedures prior to clocking in during workweeks in which they worked more than 40 hours per workweek and 2) whether Defendant maintained a time-rounding policy that resulted in Defendant paying Named Plaintiff and MWA Plaintiffs for fewer hours than they actually worked in any workweek.

**CLASS ACTION ALLEGATIONS**
**(Pennsylvania Wage Payment and Collection Law)**

24.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25.     Named Plaintiff brings her claims asserting violations of the PWPCL as a class

action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of

hourly employees of Defendant who work or worked for Defendant in Pennsylvania as tellers

and/or in other non-exempt, hourly positions, who, during the time period from three years prior

to the filing of the instant action through the present, performed the Opening Procedures (defined

below) and were subject to the wage and hour policies described herein (hereinafter the members

of this putative class are referred to as "WPCL Plaintiffs").

26.     The class is so numerous that the joinder of all class members is impracticable.

Named Plaintiff does not know the exact size of the class, as such information is in the exclusive

control of Defendant; however, on information and belief, the number of potential class members

is estimated to be more than forty (40) employees.

27.     Named Plaintiff's claims are typical of the claims of the putative class members,

because Named Plaintiff, like all WPCL Plaintiffs, was an hourly employee whom Defendant

required to perform Opening Procedures off-the-clock without compensation.

28.     Named Plaintiff will fairly and adequately protect the interests of the putative

class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the

class. Named Plaintiff has retained counsel with substantial experience in the prosecution of

class claims involving employee wage disputes.

29.     Defendant has acted and refused to act on grounds that apply generally to the

class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the

entire class and has refused to end these policies.

30.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

32.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and WPCL Plaintiffs wages for time spent performing the Opening Procedures and other duties prior to clocking in; 2) whether express contracts or implied contracts existed between Defendant and WPCL Plaintiffs, and 3) whether Defendant breached and violated their contracts with WPCL Plaintiffs.

**CLASS ACTION ALLEGATIONS**
**(Pennsylvania Common Law)**

33.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

34.     Named Plaintiff brings her claims asserting violations of the Common Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of hourly employees of Defendant who work or worked for Defendant in Pennsylvania as

tellers and/or in other non-exempt, hourly positions, who, during the time period from four years prior to the filing of the instant action through the present, performed the Opening Procedures (defined below) and were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "Common Law Plaintiffs").

35.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

36.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Common Law Plaintiffs, was an hourly employee whom Defendant required to perform Opening Procedures off-the-clock without compensation.

37.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

38.     Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

39.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

41.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and Common Law Plaintiffs wages for time spent performing the Opening Procedures and other duties prior to clocking in; 2) whether express contracts or implied contracts existed between Defendant and Common Law Plaintiffs, 3) whether Defendant breached and violated its contracts with Common Law Plaintiffs; 4) whether Defendant is liable to Common Law Plaintiffs pursuant to quantum meruit; and 5) whether Defendant has been unjustly enriched by its failure to pay Common Law Plaintiffs for time worked.

**FACTUAL BACKGROUND**

42.     The foregoing paragraphs are incorporated herein as if set forth in full.

43.     (Hereinafter, Collective Plaintiffs, MWA Plaintiffs, WPCL Plaintiffs, and Common Law Plaintiffs collectively are referred to as "Class Plaintiffs.")

44.     Named Plaintiff worked for Defendant as a teller for approximately one and one-half years ending in or around February 2019.

9

45.    Throughout Named Plaintiff's employment, Defendant paid her an hourly rate.

46.    Class Plaintiffs worked/work for Defendant as tellers and/or in other non-exempt, hourly positions subject to Defendant's practices and policies described herein.

47.    Defendant paid/pay Class Plaintiffs hourly rates.

48.    During the time period from three (3) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which her aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

49.    During the time period from three (3) years prior to the filing of the instant action through the present, Collective Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

50.    During the time period from three (3) years prior to the filing of the instant action through the present, MWA Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

51.    During the time period from three (3) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which the work hours Defendant recorded were less than 40 and she performed the Opening Procedures at least once.

52.    During the time period from three (3) years prior to the filing of the instant action through the present, WPCL Plaintiffs each worked at least one workweek in which the work hours Defendant recorded were less than 40 and they performed the Opening Procedures at least once.

53.     During the time period from four (4) years prior to the filing of the instant action through the present, Common Law Plaintiffs each worked at least one workweek in which the work hours Defendant recorded were less than 40 and they performed the Opening Procedures at least once.

## Unpaid Pre-Shift Time

54.     The foregoing paragraphs are incorporated herein as if set forth in full.

55.     Defendant's policies required/require that two employees open the bank each day the bank is open for business.

56.     Defendant routinely required/require Named Plaintiff and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to assist in opening the bank branch where they were employed.

57.     Per Defendant's uniform policies and procedures, the employees who were/are assigned to open the bank, including Plaintiffs, were/are required to engage in significant pre-shift security procedures, both inside and outside the building, prior to being permitted to clock-in.[1]

58.     Once the security procedures were/are completed, Plaintiffs were/are required to turn on their computer, wait for the computer to boot-up, open the internet homepage, wait for the ADP webpage to load, log into ADP, which permitted/permits them to clock-in, and then clock-in. (Herein the security procedures, booting up the work computer, and opening the program to clock-in are collectively referred to as the "Opening Procedures.") None of the time

---

[1] Named Plaintiff has opted not to explicitly list each security procedure which Defendant required/requires because doing so could potentially expose Defendant to security risks. Should this Court or Defendant seek Named Plaintiff to provide more detailed information regarding the pre-shift activities, Named Plaintiff is prepared to do so.

Plaintiffs spent/spend engaging in the Opening Procedures prior to clocking-in was/is paid by Defendant; all such work was/is performed "off-the-clock."

59.     Defendant paid/pay Plaintiffs only for the time they were/are clocked into work.

60.     Much of this uncompensated time consists of time worked in excess of 40 hours per workweek.

61.     Accordingly, by failing to pay Named Plaintiff, Collective Plaintiffs, and MWA Plaintiffs for time spent performing the Opening Procedures, Defendant failed/fails to pay proper overtime compensation.

62.     The aforementioned conduct has caused Plaintiffs to suffer damages.

## Unlawful Time Rounding

63.     The foregoing paragraphs are incorporated herein as if set forth in full.

64.     Defendant utilized/utilize a computerized system that tracks the exact time (accurate to 1 minute or less) an employee clocks in and clocks out of work.

65.     Even though Defendant maintained/maintains a system that records, to the minute, the time an employee clocks in and clocks out, Defendant utilized/utilizes a rounding system in computing earned wages that rounds to the closest quarter-hour.

66.     Named Plaintiff and MWA Plaintiffs began/begin working as soon as they clocked/clock in and continue working, exclusive of breaks, until they clocked/clock out.

67.     Accordingly, if an employee clocks in prior to her shift start time and the time-tracking system rounds her clock-in time forward to the shift start time, said employee would not be compensated for time that was lost due to the rounding.

68.     Likewise, if an employee clocks out after her shift end time and the time-tracking system rounds her clock-out time backward to the shift end time, said employee would also not be compensated for time that was lost due to the rounding.

69.     Named Plaintiff regularly clocked in prior to her shift start time and typically after her shift end time.

70.     Accordingly, Named Plaintiff regularly worked unpaid time during a workweek due to Defendant's time-rounding policy.

71.     MWA Plaintiffs regularly clocked/clock in prior to their shift start times and typically after their shift end times.

72.     Accordingly, MWA Plaintiffs regularly worked/work unpaid time during a workweek due to Defendant's time-rounding policy.

73.     As Named Plaintiff and MWA Plaintiffs regularly worked/work 40 hours during the time between their scheduled shift start and end times each workweek, Defendant's policies resulted/result in Plaintiffs working uncompensated overtime hours in violation of the PMWA.

74.     The aforementioned conduct has caused Plaintiffs to suffer damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

75.     The foregoing paragraphs are incorporated herein as if set forth in full.

76.     At all times relevant herein, Defendant was/is employers within the meaning of the FLSA.

77.     At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

78.    At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

79.    Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

80.    Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs all overtime wages earned for hours spent performing the Opening Procedures.

81.    Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

82.    As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and MWA Plaintiffs v. Defendant)**

83.    The foregoing paragraphs are incorporated herein as if set forth in full.

84.    At all times relevant herein, Defendant was and continues to be an employer within the meaning of the PMWA.

85.    At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and MWA Plaintiffs.

86.    At all times relevant herein, Named Plaintiff and MWA Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PMWA.

87.    Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

14

88.     Defendant's violations of the PMWA include, but are not limited to, not paying Named Plaintiff and MWA Plaintiffs all overtime wages earned for hours spent performing the Opening Procedures and/or due to its time-rounding policy.

89.     As a result of Defendant's unlawful conduct, Named Plaintiff and MWA Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Violations of Pennsylvania Wage Payment and Collection Law**
**(Unpaid Non-Overtime Wages)**
**(Named Plaintiff and WPCL Plaintiffs v. Defendant)**

90.     The foregoing paragraphs are incorporated herein as if set forth in full.

91.     At all times relevant herein, Defendant was and continues to be an employer within the meaning of the PWPCL.

92.     At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and WPCL Plaintiffs.

93.     At all times relevant herein, Named Plaintiff and WPCL Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PWPCL.

94.     Defendant failed to pay Named Plaintiff and WPCL Plaintiffs their hourly wages for non-overtime hours (i.e., hours worked between 1 and 40 hours in a workweek) spent performing the Opening Procedures.

95.     Named Plaintiff and WPCL Plaintiffs had an agreement with Defendant obligating Defendant to compensate them with their hourly rate for every hour worked.

96.     Defendant violated the PWPCL by failing to pay Named Plaintiff and WPCL Plaintiffs their hourly wages for all non-overtime hours worked.

97.     As a result of Defendant's unlawful conduct, Named Plaintiff and PWPCL Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**Violations of Pennsylvania Common Law**
**(Quantum Meruit / Unjust Enrichment)**
**(Named Plaintiff and Common Law Plaintiffs v. Defendant)**

98.     The foregoing paragraphs are incorporated herein as if set forth in full.

99.     Defendant failed/fails to pay Named Plaintiff and Common Law Plaintiffs their hourly wages for non-overtime hours (i.e., hours worked between 1 and 40 hours in a workweek) spent performing the Opening Procedures.

100.     Named Plaintiff and Common Law Plaintiffs reasonably expected/expect Defendant to compensate them for performing the Opening Procedures.

101.     Defendant recognized/recognizes the benefits conferred upon it by Named Plaintiff and Common Law Plaintiffs performing the Opening Procedures.

102.     Defendant accepted/accepts and retained/retains the benefits under circumstances that would render such retention inequitable.

103.     Defendant has thereby been unjustly enriched and/or Named Plaintiff and Common Law Plaintiffs have been damaged.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, MWA Plaintiffs, WPCL Plaintiffs, and Common Law Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, MWA Plaintiffs, WPCL Plaintiffs, and Common Law Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(2)     Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3)     Named Plaintiff, Collective Plaintiffs, MWA Plaintiffs, and WPCL Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(4)     Named Plaintiffs and Common Law Plaintiffs are to be awarded compensatory damages, pre-judgment and post-judgment interest at the applicable legal rate due to Defendant's breach of the contracts and/or Defendant's unjust enrichment and/or quantum meruit;

(5)     Named Plaintiff's, Collective Plaintiffs', MWA Plaintiffs', WPCL Plaintiffs, and Common Law Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Carley A. Doyle*

Carley A. Doyle, Esq.
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: September 10, 2019

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, surveillance camera footage (both cameras recording activity outside and inside branches), records of door alarm activation/deactivation, and records of branch door locking/unlocking.