## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L. GANTT, *individually and on behalf of all those similarly situated*, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 19-4141 |
| BRYN MAWR BANK CORPORATION d/b/a BRYN MAWR TRUST, | : : : : | |
| Defendant. | : | |

### ORDER

AND NOW, on January 10, 2020, it is ORDERED that this case is DISMISSED without prejudice due to lack of subject matter jurisdiction. The Clerk of Court is directed to mark this case closed.

On November 7, 2019, Plaintiff L. Gantt amended her complaint. Am. Compl. (doc. 20). In that complaint, she omitted her Fair Labor Standards Act (FLSA) claim. Compare Am. Compl. (doc. 20), with Compl. (doc.1). She now alleges only state law claims. Am. Compl.

On December 12, I ordered Gantt to address whether supplemental or diversity jurisdiction would be proper in the absence of her FLSA claim. See 12/12/19 Order (doc. 25). Gantt argued that even though she alleges only state law claims, "termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction."[1] See Pl. Br. (doc. 29) at 2 (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F. 3d 249, 256-7 (1st Cir. 1996). I disagree.

---

[1] Gantt did not present any diversity jurisdiction arguments.

I posses supplemental jurisdiction over state law claims "so related to claims in the action within [] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Although I have discretion to retain supplemental jurisdiction after all federal claims have been dismissed, 28 U.S.C. § 1367(c)(3), an amended complaint truncates that discretion. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (citing Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473–74 (2007). "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction. Rockwell Int'l Corp., 549 U.S. at 473–74; see also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.").

Gantt no longer alleges any claims over which this Court has original jurisdiction, see 28 U.S.C. § 1331, which precludes any reliance on supplemental jurisdiction. See Rockwell Int'l Corp., 549 U.S. at 473–74.

        BY THE COURT:

        _/s/ Timothy R. Rice_____
        TIMOTHY R. RICE
        U.S. MAGISTRATE JUDGE